**E & P PLUMBING AND HEATING, LTD.**

v.

**S.J.P. ENTERPRISES and Mark Krauss and Helene Krauss.**

No. 94–265–Appeal.

Supreme Court of Rhode Island.

March 30, 1995.

James V. Paolino, Warwick.

James Currier, Providence.

ORDER

This matter came before a three-member panel of this court on March 21, 1995 pursuant to an order directing the parties to appear and show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties we are of the opinion that cause has not been shown and this matter should be summarily decided.

The defendants, Mark and Helene Krauss, appeal from a Superior Court order filed April 26, 1994, denying their motion to vacate a default judgment entered in favor of the plaintiff, E & P Plumbing and Heating, Ltd.

On May 4, 1988 plaintiff filed a petition to enforce a mechanic's lien against a house owned by defendants. On February 7, 1989, plaintiff filed an application for entry of default which was granted. Default judgment was entered against defendants on March 7, 1991. On March 21, 1991, plaintiff moved for appointment of a master to sell the house to satisfy the lien and a master was appointed on June 6, 1991. On August 7, 1991, defendants filed a motion to vacate the judgment and release the lien. This motion was never ruled on and on June 15, 1992, defendants filed another motion to vacate. A Superior Court motion justice denied defendants' motion to vacate. The defendants appealed to this court and we remanded the case to the Superior Court for a ruling on the motion to vacate by an order dated March 23, 1993. On remand, a Superior Court motion justice denied the motion to vacate and defendants filed the instant appeal.

A motion to vacate a default judgment lies within the sound discretion of the trial justice before whom the motion is brought. Absent a showing of abuse of discretion, this court will uphold the decision of the trial justice. *Troutbrook Farm, Inc. v. DeWitt*, 611 A.2d 820 (R.I.1992).

The order entered by the trial justice from which defendants appeal does not specify the

basis upon which the motion to vacate was denied, and the transcript of the hearing on the motion was not brought before us for our review. Thus, we cannot discern the precise basis for the motion justice's ruling. Consequently, we are of the opinion that defendants have failed to show that the motion justice abused her discretion in denying the motion to vacate.

For these reasons the defendants' appeal is denied and dismissed. The order appealed from is affirmed and the papers of this case are remanded to the Superior Court.

WEISBERGER, C.J., did not participate.